```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS
```

| | | |
|---|---|---|
| CAROL SIMON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 05-11715-MLW |
| | ) | |
| DEPARTMENT OF MENTAL HEALTH, | ) | |
| | ) | |
| Defendant. | ) | |

<u>PROCEDURAL ORDER</u>

On August 15, 2005, Carol Simon filed with this Court a document captioned as a Motion to Stop All Phychiatric [sic] Medication. Simon did not submit a civil cover sheet, payment for the $250.00 fee assessed for filing a civil action, or a motion to proceed <u>in forma pauperis</u>. The Clerk's office treated Simon's motion as a new action and assigned it a case number.

In her pleading, Simon alleges that she was administered Zyprexa against her will, and infers that, as a result, she is now diabetic. Simon represents that she has already prevailed in an action before Judges Tauro and Saris, Mot. at 1 ("Patti Saris and Judge Turo [sic] handled my case. I won on the merit with the support of the Court."), although she does not explain the nature of the action. The plaintiff also indicates that when she previously filed cases in this Court, her last name was Olson or Lazic-Spears.

It is unclear to the Court whether Simon intended to file her pleading as a motion in a previously-filed case or as a new civil action. If Simon wishes her pleading to be entered on the

docket of a previously-filed case as a motion, she must, within thirty-five days of the date of this order, provide the Court with the name or case number of the relevant action.[1]

If Simon would like to commence a new civil action, she must file a complaint that conforms with Fed. R. Civ. P. 8(a) and a civil cover sheet.  A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "This statement must 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir. 2005) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  "In a civil rights action ..., the complaint should at least set forth minimal facts as to who did what to whom, when, where, and why."  Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).  Although "the requirements of Rule 8(a)(2) are minimal ... 'minimal requirements are not tantamount to nonexistent requirements.'" Id. (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988)).  The complaint must also include "a short and plain statement of the grounds upon which the court's jurisdiction depends" and "a demand for judgment for the relief the pleader

---

[1]Based on the information Simon included in her pleading, the only other case the Court could identify in which Simon was a party is Carol J. Pollack Spears v. Michael J. Connolly, et al., C.A. No. 90-12414-EFH, but this case was dismissed by Judge Harrington as frivolous.

2

seeks." Fed. R. Civ. P. 8(a)(1), (3).  A complaint may also contain a demand for a trial by jury.  <u>See</u> Fed. R. Civ. P. 38(b).

Further, to commence a new action, Simon must also either (1) pay the $250.00 fee for commencing a civil action; or (2) file an application to proceed without prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1914(a) (filing fee for civil actions); Fee Schedule for the District of Massachusetts; 28 U.S.C. § 1915 (proceedings <u>in forma pauperis</u>).  For the convenience of litigants, this Court provides a standardized form for applications for waiver of the filing fee.

ACCORDINGLY, the Court orders that, within thirty-five days of the date of this order, Simon either (1) indicate to the Court that she wishes her Motion to Stop All Phychiatric [sic] Medication to be docketed as a motion in a previously-filed action, and provide the name or case number of that action; OR (2) file a complaint that complies with Fed. R. Civ. P. 8(a), a civil cover sheet, and payment for the $250.00 filing fee or an application to proceed without prepayment of the fee.  Failure to take either course of action within the prescribed time period will result in dismissal of this action without prejudice.

The Clerk shall provide Simon with a copy of "Step by Step: A Simple Guide to Filing a Civil Action," a Civil Cover Sheet, and an Application to Proceed Without Prepayment of Fees and Affidavit.

SO ORDERED.

```
 10/11/05                              s/ Mark L. Wolf
DATE                                 UNITED STATES DISTRICT JUDGE
```